## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**PAUL ROMANOWSKI, on his own**
**behalf and others similarly situated,**

     **Plaintiff(s),**

**v.**                           **Case No.  8:05-cv-1500-T-30EAJ**

**NESTLE WATERS NORTH AMERICA,**
**INC. d/b/a GREAT SPRING WATERS OF**
**AMERICA, INC., a foreign corporation,**

     **Defendant(s).**
_____/

## AMENDED ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of their Opt-In Rights and Incorporated Memorandum of Law (Dkt. # 12), Defendant's Corrected Response to Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of their Opt-In Rights (Dkt. # 16), and Plaintiff's Notice of Filing Supplemental Authority (Dkt. # 17).  The Court, having considered the motion and memoranda, and being otherwise fully advised, finds that the motion should be granted in part and denied in part.

### BACKGROUND

Plaintiff has brought the current action to recover unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Plaintiff has worked at Defendant's Tampa, Florida facility as a "route sales representative"("RSRs") since March of 2004.

Defendant bottles and sells drinking water to residential and commercial customers and employs over 1,300 RSRs nationwide.  RSRs sell Defendant's products and deliver water to its customers.  Defendant's view is that the primary responsibility of RSRs is to sell Defendant's products.  Plaintiff alleges that he performed minimal sales work and that the RSRs' primary responsibility is delivering water.

Plaintiff seeks an order permitting the authorization of court supervised notice to all RSRs employed by Defendant during the past three (3) years.  While Defendant does not object to a limited notice, Defendant objects to the scope and form of the notice.

## <u>SCOPE OF NOTICE</u>

Plaintiff seeks to send a notice to all RSRs employed by Defendant in Florida during the past three (3) years.  Defendant's Florida operations are divided into two zones, the North Florida zone and the South Florida zone.  Each zone is further divided into five separate branches.  During Plaintiff's employment, he was employed at Defendant's Tampa branch in the North Florida zone.  One of the two additional opt-in plaintiffs, Angelo Molfetta, worked as a route sales representative at Defendant's Tampa and Clearwater branches in the North Florida zone.

Defendant objects to sending notice to all ten zones when the Plaintiffs only were employed in two branches in the North Florida zone.  Defendant argues that the business strategies and practices vary from zone to zone and branch to branch.  Defendant notes that the determination of whether an employee is covered by the FLSA is a factual question and that numerous employees with the same job title may be covered or exempt, depending on their specific job functions.

The Court agrees with Judge Ryskamp that the proper scope of notice is a single branch, or in this case, two (2) branches.  Plaintiff is not "similarly situated" to route sales representatives in the other eight (8) branches.  Accordingly, Plaintiff will be permitted to send notice to route sales representatives employed by Defendant in its Tampa and Clearwater branches during the past three (3) years.

## FORM OF NOTICE

Defendant objects to the form of Plaintiff's proposed notice.  It asserts that the proposed notice is deficient because "it fails to apprise the recipients of information that is essential to their making an informed decision about joining the proposed collective action."  Specifically, Defendant asserts that the notice should contain an appropriate deadline and should advise potential class members of the possibility of deposition testimony and of a potential change in their compensation structure.

The Court finds that the Defendant's proposed changes to the notice are not warranted.  Defendant's proposals would have the effect of discouraging potential plaintiffs from joining this action.  Such potential coercive language is not appropriate for opt-in notices, which are intended to be impartial, administrative documents.  See Belt v. Emcare, Inc., 299 F.Supp.2d 664, 667 (E.D.Tex. 2003); Bullock v. Automobile Club of Southern Cal., No. SA CV01-731-GLT(ANX), 2002 WL 432003 at *3 (C.D.Cal. Jan. 28, 2002).

It is therefore ORDERED AND ADJUDGED that:

1.      Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of their Opt-In Rights and Incorporated Memorandum of Law (Dkt. # 12) is GRANTED IN PART AND DENIED IN PART.

2.      Plaintiff is permitted to send the opt-in notice to "route sales representatives" employed by Defendant in its Tampa and Clearwater branches at any time after August 12, 2002.

3.      The opt-in notice shall be in the form of Exhibit A attached.

**DONE** and **ORDERED** in Tampa, Florida on January 4, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1500.mot for opt in notice.wpd

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL ROMANOWSKI, on his own
behalf and others similarly situated,

       Plaintiff(s),

v.                                  Case No. 8:05-CV-1500-T-30-EAJ

NESTLE WATERS NORTH AMERICA,
INC. d/b/a GREAT SPRING WATERS
OF AMERICA, INC., a Foreign
Corporation,

       Defendant(s).

## NOTIFICATION OF PENDENCY OF PROPOSED COLLECTIVE ACTION

To:    Current and former ROUTE SALES REPRESENTATIVES of NESTLE
WATERS NORTH AMERICA, INC. d/b/a GREAT SPRING WATERS OF
AMERICA employed since August 12, 2002 at the Tampa, Florida and
Clearwater, Florida facilities.

***Re:***    ***Right to opt-in to lawsuit to recover overtime compensation***

       This letter contains important information concerning the existence of a collective

action lawsuit in which you potentially have the right to join, and to inform you as to the

procedure for participating in this lawsuit, if you choose to do so.

       A lawsuit has been filed in the United States District Court for the Middle District of

Florida by PAUL ROMANOWSKI (hereinafter referred to as the "Plaintiff").  The name and

number of the case is:  *Romanowski, et al. v. Nestle Waters North America, Inc., Case No.*

1

*8:05-CV-1500-T-30-EAJ*.  The Plaintiff claims that while he worked as a ROUTE SALES REPRESENTATIVE for NESTLE WATERS NORTH AMERICA, INC., Route Sales Representatives were not compensated at an overtime rate for hours worked in excess of 40 hours per week and that they should have been.

NESTLE WATERS NORTH AMERICA, INC. is contesting the claims of this lawsuit.  NESTLE WATERS NORTH AMERICA, INC. has, among other defenses, denied plaintiffs allegations that its Route Sales Representatives were entitled to any additional compensation.  NESTLE WATERS NORTH AMERICA, INC. has asserted that Route Sales Representatives  are "outside salespersons," and thus, pursuant to the "Outside Sales Exemption," not entitled to any compensation beyond what they have already received. NESTLE WATERS NORTH AMERICA, INC. also asserts that, as a result of the fact that many Route Salespersons drive two axle vehicles greater than 27,000 lbs. in weight, those individuals are exempt from the requirements of the Fair Labor Standards Act under the "Motor Carrier Exemption" to that Act.  Thus, NESTLE WATERS NORTH AMERICA, INC. contends that the persons receiving notice are not entitled to any compensation beyond what they have already received.

If you were employed by NESTLE WATERS NORTH AMERICA, INC. at any time after August 12, 2002, and/or you are currently employed by NESTLE WATERS NORTH AMERICA, INC., as a ROUTE SALES REPRESENTATIVE and were not paid an overtime rate for your work in excess of 40 hours per week, you may make a claim to recover those wages, double damages and the costs and attorney's fees of the suit.  Participation in this lawsuit does not guarantee that you will receive money damages, costs, or attorney's fees.

2

At this time, no court has determined that the allegations in this lawsuit are true or that you are entitled to any money.

The Plaintiff is represented by Richard Celler, Morgan & Morgan, P.A., 284 South University Drive, Fort Lauderdale, FL 33324, (877) 435-9243. You may contact Mr. Cellar for more information or assistance if you wish to do so.

**IF YOU WISH TO JOIN THIS COLLECTIVE ACTION** you must sign the attached form entitled "Notice of Consent" and mail it to the United States District Court for the Middle District of Florida, Tampa Division, attention Clerk of the Court, Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Tampa, Florida 33602, or you may contact Mr. Celler for assistance in doing so. An envelope has been provided for your convenience.

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. If you choose to not join this lawsuit, you are free to file your own lawsuit, but would not be able to participate in any recovery by the plaintiffs in this lawsuit, if there is one. If you do decide to mail the Notice of Consent to the Court, you will be bound by the judgment of the Court on all issues in this case whether it is favorable or unfavorable to you. The Notice is only for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose. There is no assurance at this time that the Court will grant any relief or, if granted, the nature or amount of the relief.

Federal law prohibits NESTLE WATERS NORTH AMERICA, INC. from discharging or discriminating or retaliating against you in any other manner because you

3

have exercised your rights under the Fair Labor Standards Act.  If you believe you have been penalized, discriminated against or in any way disciplined or punished or if you have been threatened or intimidated in any way as a result of your receipt of this notification, your considering the completion or submission of the Notice of Consent, or your having submitted the Notice of Consent, you may contact either Mr. Celler or the Clerk of the Court.

This notice and its contents have been authorized by the United States District Court for the Middle District of Florida, Honorable James S. Moody, Jr., United States District Judge.  The Court has taken no position regarding the merits of the Plaintiff s claims or of NESTLE WATERS NORTH AMERICA, INC. defenses.

**DONE** and **ORDERED** in Tampa, Florida on January 4, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

4

# ATTACHMENT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL ROMANOWSKI, on his own
behalf and others similarly situated,

       Plaintiff(s),

v.                         Case No. 8:05-cv-1500-T-30-EAJ

NESTLE WATERS NORTH AMERICA,
INC. d/b/a GREAT SPRING WATERS
OF AMERICA, INC., a Foreign
Corporation,

       Defendant(s).
_____/

## <u>NOTICE OF CONSENT</u>

I, _____, a current or former Route Sales Representative of

NESTLE WATERS NORTH AMERICA, INC. d/b/a GREAT SPRING WATERS OF

AMERICA, INC., hereby consent, pursuant to 29 U.S.C. 216(b) to become a party Plaintiff

in the above action.  I further consent to be represented by Richard Celler, Esquire, of

Morgan & Morgan, P.A., 284 South University Drive, Fort Lauderdale, Florida 33324.

       Dated: _____, 200___.


                                    _____
                                      Print Name

                                    _____
                                      Signature