UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PAUL ROMANOWSKI, on his own behalf
and others similarly situated,**

    **Plaintiff(s),**

v.                                          Case No.  8:05-cv-1500-T-30EAJ

**NESTLE WATERS NORTH AMERICA,
INC. d/b/a GREAT SPRING WATERS OF
AMERICA, INC., a foreign corporation,**

    **Defendant.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon the parties' Joint Notice of Filing and Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment (Dkt. #95), Settlement Agreement (Dkt. #95-2), Plaintiff's Notice of Filing Attorneys' Fee and Cost Affidavit, Fee Ledger, and Supporting Invoices (Dkt. #97), and Affidavit for Reasonable Attorneys' Fees (Dkt. #97-2).  The Court, having considered the motion, settlement agreement, affidavits, exhibits, and being otherwise advised in the premises, finds that the joint motion for approval of the settlement agreement should be granted.

The determination of a reasonable fee pursuant to section 216(b) of the Fair Labor Standards Act is left to the sound discretion of the court and will not be set aside absent a clear abuse of discretion.  <u>Kreager v. Solomon & Flanagan, P.A.</u>, 775 F.2d 1541, 1543 (11th Cir. 1985).  In determining the reasonableness of attorneys' fees pursuant to a fee-shifting

statute, the lodestar generally is recognized as a reasonable fee. City of Burlington v. Dague, 505 U.S. 557, 562 (1992).[1] The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Satisfactory evidence of the prevailing market rate "at a minimum is more than the affidavit of the attorney performing the work," and must address rates actually billed and paid in similar lawsuits. Norman, 836 F.2d 1292, 1299.

In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination. See Vanslambrouck v. Palmas, Incorporated, No. 6:05-CV-525-ORL-28, 2006 WL 288237, *2 (M.D. Fla. Jan. 31, 2006). It is also necessary for the court to evaluate the overall fairness of the settlement and the benefit to the plaintiffs. See id. This includes, comparing the amount of attorneys' fees and costs sought in relation to the amount of damages actually recovered. See e.g., Reyes v. Falling Star Enterprises, Inc., No. 6:04-CV-1648-ORL-KRS, 2006 WL 2927553, *9 (M.D. Fla. Oct. 12, 2006); Odil v. Evans, No. 3:01-CV-70, 2005 WL 3591962, *4 (M.D. Ga. Dec. 30, 2005); Vanslambrouck, 2006 WL 288237, *3.

---

[1] The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. Of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

Plaintiff's attorney, Richard Celler, has submitted an affidavit stating, in pertinent part, that: Mr. Celler customarily bill his clients at a rate of $300.00 or more per hour for his services; Mr. Celler has spent approximately 336 hours on this matter, incurring attorneys fees in the amount of $100,740; and Plaintiffs have recovered all the overtime and liquidated damages due to them. However, Mr. Celler has not submitted documentation concerning his qualifications and skill, or evidence of the prevailing market rates actually billed and paid in similar lawsuits. Although Mr. Celler has not provided documentation concerning his qualifications and skill, the Court has been able to ascertain that Mr. Celler has practiced in the area of labor employment law for approximately seven years after graduating from law school in 1999.

A rate of $300 per hour is inconsistent with the central Florida market for a lawyer with seven years of experience. See Ramirez v. Caribbean Food Market, No. 6:04-CV-176-ORL-KRS, 2005 WL 2675006, *2 (M.D. Fla. Oct. 20, 2005) (approving $250 for attorney with 7 years experience exclusively in the area of employment law and 16 years experience of litigation experience and $200 for attorney with 5 years experience exclusively in the area of employment law and 11 years experience of litigation experience); see also Brother v. Int'l Beach Club Condominium Ass'n, Inc., No. 6:03-CV-444-ORL-28-DAB, 2005 WL 1027240, *7 (M.D. Fla. April 28, 2005) (approving range of $200 to $275 for attorney with 19 years experience and $125 to $165 for an attorney with 6 years experience).

Further, pursuant to the settlement agreement between the parties, Plaintiffs have collectively recovered $109,999.99. There are approximately 48 opt-in plaintiffs, plus Paul Romanowski, thus each plaintiff recovered approximately $2,291.

The parties' settlement agreement provides for the payment of attorneys' fees in the amount of $84,000 (reduced from Plaintiff's asserted fees of $100,740) and costs in the amount of $6,000 (reduced from Plaintiff's asserted costs of $14,000). Notably, an award of $84,000 of attorneys' fees divided by 336 hours of work equals an hourly rate of $250. While a rate of $300 per hour is inconsistent with the central Florida market for a lawyer with seven years of experience, the Court finds that $250 per hour is reasonable considering Mr. Celler has been exclusively practicing in the area of employment law since 1999.

Accordingly, the Court approves the sum of $84,000 for attorneys' fees incurred and $6,000 for costs incurred on behalf of Paul Romanowski and the Collective Plaintiffs. The Court notes that approximately 49 plaintiffs have collectively recovered approximately $110,000, compared to Mr. Celler's firm recovery of $84,000 in fees. The high amount of attorney's fees relative to the settlement amount recovered by Plaintiff's attorney raises the concern that the litigation was driven primarily by an intent to recover attorneys' fees (e.g. Plaintiff's attorney billed 336 hours in a 13 month period, with little record activity other than filing notices of consent). While the Court approves the parties settlement agreement in this particular case, the Court cautions Plaintiff's attorney to pay attention to the amount in controversy when litigating cases under the FLSA and recognize the prevailing market rates actually billed and paid in similar lawsuits.

It is therefore ORDERED AND ADJUDGED that:

1. The parties' Joint Notice of Filing and Joint Motion for Approval of Settlement Agreement as Stipulated Final Judgment (Dkt. #95) is GRANTED.

**DONE** and **ORDERED** in Tampa, Florida on December 28, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1500.approv settle FLSA 95.wpd